[Civ. No. 5089.    First Appellate District, Division Two.—April 2, 1925.]

JOHN H. MURPHY, et al., Respondents, v. BOERICKE AND RUNYON COMPANY (a Corporation) et al., Appellants.

[1] NEGLIGENCE—SALE OF MEDICINE—INJURY TO HEALTH—BARRED TESTIMONY—ADMISSION OF—PREJUDICIAL ERROR.—In an action for damages for injury alleged to have been caused to the plaintiff wife by certain medicine sold by defendants, it was prejudicial error to admit testimony to the effect that on a previous occasion, more than one year before the action was commenced, other medicine, partially used by the plaintiff wife, was sold to the plaintiff husband by defendants through a person who was not a registered pharmacist, and that the same was old and stale, and that a mistake had been made, where such testimony was not only repeatedly put before the jury so that it must have influenced their judgment, but was emphasized to the jury by instructions telling them in substance that it was unlawful and negligence on the part of defendants to permit the sale of medicine by an unregistered pharmacist.

(1) 4 C. J., p. 1173, n. 68; 19 C. J., p. 784, n. 49 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

Brittain & Weise, F. S. Brittain and J. H. Weise for Appellants.

William Klein, Reed M. Clarke, Alvin Gerlack, Clayton H. Garvey and Alex Sherriffs for Respondents.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for three thousand dollars in an action brought by the plaintiffs, who are husband and wife, to recover damages alleged to have been caused by the defendants by reason of the sale by them to Mrs. Murphy of certain medicine, which the jury has found greatly injured her health.

Appellants assert that the evidence is not sufficient to justify the verdict against them. [1] We are relieved, however, of the task of discussing this contention and stating, in detail, the evidence appearing in the record, because we have come to the conclusion that, aside from the soundness of this position, the judgment must be reversed for manifest error in the admission of testimony with reference to events which occurred more than one year before the bringing of the action and which were barred, therefore, by the provisions of section 340 of the Code of Civil Procedure. We shall state herein only such portion of the evidence as is necessary to explain the situation with reference to this testimony.

On May 15, 1921, between 8 and 9 o'clock in the morning, the plaintiff John H. Murphy went to the drugstore of the defendant Boericke and Runyon Company in San Francisco, California, to purchase for his wife a medicine to be used as a spring tonic. Mr. Murphy asked for "Rhus-Tox of the 30th" and a bottle of sulphur. It appears that defendant manufactured no preparation known as "Rhus-Tox of the 30th," but no explanation of this was made to Murphy, and the person in charge of the drugstore sold him two bottles of medicine, one marked "Rhus-Tox 3X" and the other marked "Sulphur." Mr. Murphy delivered this medicine to his wife. She used it as directed for a few days. Both plaintiffs testified that the Rhus-Tox so purchased did not appear to be in good condition; that the pellets were lumped together so that it was difficult to determine the dosage, and that the medicine appeared to be stale and old. Because of these facts, Mrs. Murphy discontinued the use of the medicine after a few days and on June 11, 1921, she took the medicine back to the drugstore and saw Mr. Breckenfeld, a registered pharmacist employed by defendant company. She explained her objection to the medicine which had been sold to her husband. According

to her testimony, he told her that the medicine had been sold to Murphy by the porter, who was the only person in charge of the store at the hour of the morning when it was bought, and that a mistake had been made; that it was stale medicine which was kept for physicians. He told her not to take any more of that medicine and gave her other medicine to take its place. There was other testimony in the record to the effect that the man who had furnished the first medicine did not appear to be familiar with the stock and had searched for considerable time before he could find the medicine furnished to Murphy, and all of this testimony was offered in an attempt to place before the jury the fact that medicine had been dispensed by the defendant through its porter, and not through a registered pharmacist.

The complaint was not filed until June 8, 1922, so that everything in connection with this incident of May 15, 1921, was barred, and objections were duly and properly insisted upon at the trial.

The substitute medicine furnished to Mrs. Murphy on June 11, 1921, by the registered pharmacist employed by defendant, according to all the testimony in the record, is the medicine which caused her injury, if either of the medicines furnished by the defendant caused it, and only with reference to the furnishing of such medicine was she permitted to offer testimony because of the bar of section 340 of the Code of Civil Procedure. There is no dispute about this matter, and counsel for respondents maintains in his brief that damages are only sought by reason of the action of the second medicine furnished. But respondents contend, and the trial court proceeded upon the theory, that the testimony of the earlier incident was admissible under the case of *Perkins* v. *Trueblood*, 180 Cal. 437 [181 Pac. 642]. There recovery was sought for negligence of a physician in setting a broken bone. It appears that the break occurred in March, 1912, and defendant was employed to treat the injury. The healing process was not satisfactory and defendant separated the surfaces of the bone during April, 1912, and again set the plaintiff's leg. It was for negligence in the latter operation that recovery was sought. Recovery for the earlier treatment was barred by the statute and it does not appear that plaintiff sought to show such earlier treatment was negligent. The evidence of the original break and the treatment

that followed was admitted merely to explain conditions
at the time the negligent treatment was administered and
this evidence was necessary to determine what should have
been the proper treatment under the circumstances. No re-
covery was had because of the earlier treatment.

In the instant case, if the testimony regarding the incident
of May 11, 1921, had merely been to the effect that plain-
tiffs had purchased medicine which was not satisfactory and
upon taking it back to the drugstore had been furnished
with the objectionable medicine from which the evil conse-
quences flowed, it would have come within the reason and
intent of the case last cited. But. here we have a situation
where great stress was laid upon the fact that the original
medicine was old and stale and had been furnished by a
porter and a mistake had been made—all facts tending
strongly to convict the defendants of negligence and to
greatly prejudice their cause before a jury, and all facts
which, so far as any recovery by plaintiffs is concerned,
were absolutely immaterial. It is useless for counsel for re-
spondents to contend upon appeal that no recovery was
sought for negligence occurring on May 11, 1921. Not only
was testimony showing such negligence repeatedly put be-
fore the jury so that it must have influenced their judgment,
but it was emphasized to them by the following instruc-
tions: ''It is incumbent upon every pharmacy . . . for the
sale . . . of drugs, medicines . . . to have in charge thereof
at all times a registered pharmacist or an assistant regis-
tered pharmacist.

''It is unlawful for the owner of a drugstore to leave the
same at any time in charge of any person not a duly licensed
and registered pharmacist. . . . ''

''Any sale of drugs by an unregistered clerk from which
injury proceeds in *prima facie* evidence of negligence.''

''The court instructs you as a matter of law that if you
find from the evidence that the defendant sold or permitted
to be sold to the plaintiffs any drugs . . . by an unregistered
pharmacist . . . and such . . . drug so sold to plaintiff was
the approximate cause of the injury complained of, then
. . . the court instructs you that as a matter of law the de-
fendants were guilty of negligence.''

An examination of the transcript of the testimony shows
that there was absolutely no evidence in the record to which

these instructions could possibly be applicable except evidence relating to incidents which were barred by the statute. With these instructions given to the jury, and with the large amount of evidence appearing in the record which was inadmissible and most prejudicial to which they refer, we are not impressed with the argument that the general instruction to the effect that no recovery could be had for negligence occurring prior to June 8, 1921, corrected the erroneous impressions given to the jury.

The error in the admission of this testimony is not within the scope of section 4½ of article VI of our constitution; it permeates the entire fabric of the case and it appears to be very probable that the jury arrived at their verdict by reason of the very facts which furnished no basis for a recovery.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 1, 1925.